IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTIN SULLIVAN, | § | |
| Dall. Cnty. Jail Bookin No. 21026675, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1162-G-BN |
| | § | |
| DALLAS COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTIONS TO AMEND AND REQUIRING MOTION ON
QUALIFIED IMMUNITY AND/OR EXHAUSTION DEFENSE(S)**

Plaintiff Dustin Sullivan, an inmate at the Dallas County jail, filed a civil rights action raising various claims, including excessive use of force. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred Sullivan's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Sullivan's motion for leave to proceed *in forma pauperis* under the Prison Litigation Reform Act (the PLRA), *see* Dkt. No. 8, and ordered his complaint served on the two individual defendants identified by name: Officers Nicholson and Garcia, both alleged to be jailers employed by the Dallas County Sheriff's Department, *see* Dkt. Nos. 9-11.

After that, Sullivan moved to amend his complaint to identify a Jane Doe defendant and to provide the first names for Officers Nicholson and Garcia. *See* Dkt. Nos. 12-14. The Court GRANTS his motions under Federal Rule of Civil Procedure

15(a)(1).

Officers Nicholson and Garcia have now answered, *see* Dkt. No. 15, each asserting as an affirmative defense that he is entitled to qualified immunity and that Sullivan failed to exhaust administrative remedies under the PLRA, *see id.*, ¶¶ 2.1, 2.2.

As soon as a defendant invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"); *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014) ("Once the defendant raises the qualified immunity defense, 'the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008))); *Shaw v. Villanueva*, 918 F.3d 414, 416-17 (5th Cir. 2019) ("When a defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity." (citations omitted)).

Similarly, "exhaustion [under the PLRA] is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time" – thus, "[w]hen the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the

case to proceed to the merits." *Dillon v. Rogers*, 596 F.3d 260, 272, 273 (5th Cir. 2010); *see also Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020) ("The PLRA's exhaustion requirement is no-nonsense. Inmates seeking to challenge prison conditions must exhaust 'such administrative remedies as are available' before challenging prison conditions in court. The provision is mandatory, and courts have zero discretion to hear unexhausted claims." (quoting 42 U.S.C. § 1997e(a), then citing *Jones v. Bock*, 549 U.S. 199, 211 (2007))); *Thoele v. Collier*, No. 20-50666, 2022 WL 703189, at *1 (5th Cir. Mar. 9, 2022) (per curiam) ("A failure to exhaust can be grounds for dismissal as a matter of law." (citing *Jones*, 549 U.S. at 215-16)).

The Court will therefore decide either affirmative defense or both affirmative defenses, as each defendant sees fit, on an expedited basis through a motion for summary judgment that must be filed by **October 10, 2022**.

The motion must be accompanied by or incorporate a brief, and a motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. The defendant must bracket in the margin of each document in the appendix the portions of the document upon which he relies, and, when citing record materials in the brief, the defendant must support each assertion by citing each relevant page

of the appendix. No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R 56.2(b).

Except to the extent any requirement is modified herein, any motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

All discovery is stayed at this time, prior to the filing of the court-ordered motion. *Cf. Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022). After the motion for summary judgment is filed, the Court will issue an order setting forth further procedures and deadlines.

SO ORDERED.

DATED: September 8, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE