IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DUSTIN SULLIVAN,                          §
Dall. Cnty. Jail Bookin No. 21026675,     §
                                          §
          Plaintiff,                      §
                                          §
V.                                        §          No. 3:22-cv-1162-G-BN
                                          §
DALLAS COUNTY SHERIFF'S                    §
DEPARTMENT, ET AL.,                       §
                                          §
          Defendants.                     §

## ORDER REQUIRING MOTION(S) ON QUALIFIED IMMUNITY

Plaintiff Dustin Sullivan, an inmate at the Dallas County jail, has filed a civil rights action raising various claims, including excessive use of force. *See* Dkt. No. 3, 12-14, 17, 18, 26, 29.

Senior United States District Judge A. Joe Fish referred Sullivan's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And Defendants Geronimo Garcia, Martin Nicholson, Emmanuel Hooks, Charles Patterson, Terry Speight, and Mariama Smith, LVN have now answered, all asserting qualified immunity. *See* Dkt. No. 15, ¶ 2.2; Dkt. No. 38, ¶ 2.1; Dkt. No. 39, ¶ 2.1; Dkt. No. 40, ¶ 2.1; Dkt. No. 43, ¶ 12.

As soon as a defendant invokes an entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). And, "[b]ecause qualified immunity is an immunity from suit, not merely a

defense to liability, 'it is effectively lost if a case is erroneously permitted to go to trial.'" *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). So "a defendant's entitlement to qualified immunity must be determined 'at the earliest possible stage of the litigation.'" *Carswell v. Camp*, ___ F.4th ____, No. 21-10171, 2022 WL 17335977, at *2 (5th Cir. Nov. 30, 2022) (quoting *Ramirez*, 3 F.4th at 133); *see also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.").

Because no defendant moves for dismissal based on qualified immunity, the Court will decide each defendant's individual entitlement to qualified immunity through a motion(s) for summary judgment that must be filed by **January 13, 2023**.

All motions must be accompanied by or incorporate a brief, and a motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. The defendant must bracket in the margin of each document in the appendix the portions of the document upon which he relies, and, when citing record materials in the brief, the defendant must support each assertion by citing each relevant page of the appendix. No party may file more than one motion for summary judgment

without leave of court. *See* N.D. Tex. L. Civ. R 56.2(b).

Except to the extent any requirement is modified herein, any motion for summary judgment must comply with the requirements of Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

All discovery is stayed at this time, prior to the filing of the court-ordered motion(s). After filing, the Court will issue an order setting forth further procedures and deadlines, including for Sullivan to move for authorization to conduct limited discovery that is narrowly tailored to uncover only facts that the Court needs to rule on a defendant's entitlement to qualified immunity. *See, e.g., Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Carswell*, 2022 WL 17335977, at *3-*4.

SO ORDERED.

DATED: December 14, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE