IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTIN SULLIVAN, | § | |
| Dall. Cnty. Jail Bookin No. 21026675, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1162-S-BN |
| | § | |
| DALLAS COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dustin Sullivan, an inmate at the Dallas County jail, filed a civil rights action raising various claims, including excessive use of force. *See* Dkt. No. 3, 12-14, 17, 18, 26, 29. Sullivan's case has now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. Multiple defendants were served, and all answered asserting qualified immunity (QI). *See* Dkt. Nos. 15, 38, 39, 40, 43. As ordered, one defendant has moved for summary judgment on QI, and the remaining defendants must move for summary judgment on QI by February 3, 2023. *See* Dkt. Nos. 48, 50-53.

Against this backdrop, Sullivan now moves "to obtain protection and/or temporary restraining order," alleging that, since he filed this civil suit, he has "been subjected to retaliation by words or threats"; that, on December 11, 2022, he was assaulted by multiple officers and sustained injuries; and that "this matter"

(presumably the assault) "is currently being investigated by the I.A. Department in the County Jail" [Dkt. No. 54] (the TRO Motion).

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain a TRO, Sullivan must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up). And "[t]he Fifth Circuit

has held that except in those exceptional cases to prevent clear and imminent irreparable injury, the courts will not issue an injunction." *Young v. LeBlanc*, Civ. A. No. 17-6329, 2019 WL 1199099, at *2 (E.D. La. Mar. 14, 2019) (citation omitted).

The Court should deny the TRO Motion. Preliminarily, Sullivan may not obtain a TRO absent notice to the adverse parties without complying with Federal Rule of Civil Procedure 65(b)(1). He has not. And this alone is reason enough to deny the TRO Motion – even where the prisoner plaintiff alleges that "defendants have failed to protect him from danger of attack by other inmates and that defendants have retaliated against him." *Bell v. Horton*, No. 7:05-cv-128-R, 2005 WL 8169223 (N.D. Tex. Nov. 21, 2005); *see also Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.'" (quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '*[p]ro se* parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'").

And, even if the TRO Motion complied with all applicable rules, it should still be denied because, where Sullivan's allegations are conclusory but include <u>that the assault that he alleges is currently being investigated by jail officials</u>, Sullivan has at least not shown that there is a substantial threat that he will suffer irreparable injury

if the injunction is not granted and that granting an injunction will not disserve the public interest.

That is, on the barebones allegations in the TRO Motion, not supported by evidence, Sullivan has not shown that the Court should take the extraordinary step of intervening in jail operations where Sullivan also alleges that jail officials are already investigating his allegations. *See, e.g.*, *Young*, 2019 WL 1199099, at *2 ("Courts have repeatedly recognized the delicate nature of issuing injunctions that are requested in the prison setting. Specifically, federal courts, due to judicial restraint, reluctantly interfere with matters dealing with prison operations. Federal courts give a range of deference to the decisions of prison administrators when it pertains to matters of prison administration, including discipline and the status of inmates." (citing *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990))).

## Recommendation

The Court should deny Plaintiff Dustin Sullivan's motion for a temporary restraining order [Dkt. No. 54].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE